Marshall, C. J.
 

 There are four assignments of error which we shall notice. The first assignment in logical order of discussion is that growing out of the application by the Court of Appeals of the so-called two issue rule, which had its origin in the case of
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626. This rule has been so often stated by this court that it is unnecessary to restate it in this discussion. The Court of Appeals declared the rule to be applicable where the two issues related to the negligence of the defendant and the con-
 
 *133
 
 tributary negligence of the plaintiff. The verdict of the jury was general, and no interrogatories were filed to determine upon which issue the jury found in defendant’s favor.
 

 The principle declared in
 
 Sites
 
 v.
 
 Haverstick
 
 has become firmly established in the jurisprudence of this state. This court has not yet in any reported case declared that the rule is applicable where the only separate issues are those of negligence and contributory negligence. That the issue of contributory negligence is separate and distinct from the issue of defendant’s negligence is undeniable. Defendant’s negligence must be pleaded and proven by the plaintiff. Contributory negligence is an affirmative issue, which, though not necessary to be pleaded by the defendant, must nevertheless be proven by the defendant as an affirmative issue. There can therefore be no question that they constitute separate and distinct issues. The rule declared in
 
 Sites
 
 v.
 
 Haverstick
 
 and many subsequent cases is a rule of policy. It does not prevail in the federal courts, but does prevail in other state courts. The soundness or unsoundness of the rule cannot be argued upon principle, because no principle is involved. It is purely and solely a question as to whether the trial court will be held to a strict accountability to submit each and every issue in a case free from error, or whether, on the other hand, if one issue complete in itself as a cause of action or defense is submitted free from error, and there is nothing to indicate upon which issue a general verdict is grounded, other issues may be disregarded. The rule was designed to simplify the work of trial courts and to limit the range of error proceedings. It being purely a question of policy, and the policy having been declared by this court in earlier cases, it is within the power of this court at this time to either limit or further extend the rule or abolish it altogether. The rule in all its phases is frequently argued before this court. There
 
 *134
 
 are those who argue for the extension of the rule to the issues of negligence and contributory negligence, and there are those who urge the entire abolition of the rule. The majority of this court at this time are of the opinion that no sound distinction can be made between the policy of giving the rule unlimited operation, on the one hand, and the policy of excluding from its operation the separate issues of negligence and contributory negligence, on the other. While the writer of this opinion does not concur in that view, and is of the opinion that those two issues are so interrelated that they might be excluded from the rule, he nevertheless looks upon it as a rule of policy in which there should be unanimity of concurrence, and that the minority should yield to the majority. By majority concurrence the rule becomes binding upon the bench and bar of the state, and should cheerfully be accepted as binding upon the minority members of this court. The writer will therefore now and hereafter concur in making the rule universal in its application.
 

 This brings us to a consideration of the errors assigned in the petition in error. The first we shall consider is that of the alleged misconduct of counsel for the defendant in the argument to the jury. It is alleged that during the course of his argument defendant’s counsel used an exhibit which had been offered in evidence by defendant, which was rejected as incompetent, the exhibit being a bill in the amount of $25 for the repair of the automobile driven by plaintiff. It is claimed that this argument had the effect of belittling the injury sustained by plaintiff. Objection was made by counsel for plaintiff, and the court sustained the objection and instructed the jury to disregard the statement. It is claimed that the action of the court did not obviate the damage, and that no instruction by the court could possibly have done so. Even if this comment by counsel constituted misconduct, it can hardly be said as a matter of law that it was so preju
 
 *135
 
 dicial that it could not be corrected by the admonition of the court. Trial courts must be permitted to promptly correct errors which creep into a record, and it must be held that only misconduct of a grievous nature may constitute ground for declaring a mistrial. We think that this statement on the part of defendant’s counsel would not be of such grievous character. On the other hand, it may be seriously questioned whether it was misconduct at all. It may be questioned whether the court did not err in refusing to admit the exhibited evidence. The extent of the injury to the automobile by the collision has a very important bearing upon the issue of excessive speed of the street car. We are of the opinion, therefore, that that assignment of error is not well taken.
 

 The next assignment of error we shall notice is that of the offering in evidence by defendant of certain traffic ordinances of the city of Toledo without the same having been pleaded or referred to in the answer.
 

 It has been very definitely decided by this court in
 
 Hanna
 
 v.
 
 Stoll,
 
 112 Ohio St., 344, 147 N. E., 339, that, where the defendant in a negligence case denies negligence on his part, and pleads that plaintiff’s injury resulted solely from his own negligence, ordinances need not be pleaded in the answer, the violation of which constitutes the sole negligence of plaintiff, but that the ordinances may nevertheless be introduced in evidence on the part of defendant. It is of course well settled by numerous decisions that, where the violation of municipal ordinances constitutes the grounds of defendant’s negligence, they must be pleaded and proven. It has not been determined in any reported case decided by this court whether or not it is necessary to plead municipal ordinances in support of the defense of contributory negligence. We must therefore seek the reason of the rule for declaring that it was not necessary to plead the ordinances in support of the claim of plaintiff’s sole negligence, while adher
 
 *136
 
 ing to the rule that plaintiff must plead ordinances in support of the allegation of defendant’s negligence for their alleged violation. The reason declared in
 
 Hanna
 
 v.
 
 Stoll, supra,
 
 was that the ordinances are only necessary to be pleaded where they are made the basis of a claim for affirmative relief and the assessment of damages. True, a defense of contributory negligence is an affirmative defense, and by all the authorities the burden of proving such defense by a preponderance of evidence rests upon the defendant. On the other hand, it is clear that in pleading contributory negligence it is not necessary to allege specific acts of negligence. The mere general allegation of plaintiff’s want of due care contributing proximately to his injury is sufficient and good as against a motion to make definite and certain. The same rule applies to a defense that the injury was caused by the sole negligence of plaintiff. This fact must be held to be the
 
 ratio decedendi
 
 and to be applicable to both classes of cases. Manifestly no greater burden rests upon the defendant in seeking to prove that plaintiff’s negligence contributed to the injury than rests upon him where he seeks to prove that plaintiff’s negligence was the sole cause of the injury. If it is not necessary to plead ordinances as a condition to proving them in the issue of sole negligence of plaintiff, then
 
 a fortiori
 
 they should not be required to be pleaded in support of the issue of plaintiff’s contributory negligence. Therefore, upon the authority of
 
 Hanna
 
 v.
 
 Stoll, supra,
 
 it must be declared that the court did not err in admitting the ordinances.
 

 The third claim made by plaintiff in error is that the court should have charged upon the subject of defendant’s willfulness and wantonness. A careful examination of the petition does not disclose that willfulness or wantonness was pleaded. Neither does the record disclose that any request was made to the court by plaintiff’s counsel for a charge on that subject.
 

 
 *137
 
 A further claim of error is predicated upon an instruction given by the trial court to the jury upon the subject of contributory negligence. Inasmuch as no error has been found in the submission of the issue of defendant’s negligence, and the verdict of the jury was in defendant’s favor, and no interrogatories were submitted to determine which issue was the basis of the verdict, that assignment of error has not been considered.
 

 The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Allen, Kjnkade and Stephenson, JJ., concur.