## BARKAC v RUSSELL

Ohio Appeals, 9th Dist, Lorain Co

No 609. Decided Oct 11, 1932

Charles J. Snoble, Elyria, and Cyril J. Maple, Elyria, for plaintiff in error.

Fauver & Fauver, Elyria, for defendant in error.

WASHBURN, J.

Up to just before Barkac was hit, Russell's car was being driven in its proper place on the right-hand side of the center of the improved portion of the road, but just before the accident it was turned sharply to the left, or to the center of the road, and continued to the other side of the road, where it was stopped within 15 to 25 feet from the place of the accident. There is a conflict in the evidence as to the speed at which the automobile was traveling, and according to the claim of Russell, which was supported by evidence, there were other facts which tended very strongly to support the contention that Russell was not negligent at all and that Barkac was grossly negligent; but we make no mention of such other facts, because they were disputed and for the further reason that in view of the conclusion which we have reached in this case, it is unnecessary to pass upon the errors complained of in reference to the issue of contributory negligence.

One of the claimed errors, and perhaps the chief error that is claimed in reference to the issue of whether Russell was negligent, is the refusal of the court to charge the jury that by §6310-22 GC, drivers of

vehicles, before turning, stopping, or changing their course, were required to cause signals to be made of their intention in a way visible outside of the vehicle.

We think that, under no construction of the facts as shown by the record in this case, was that law applicable, and that therefore the trial court did not commit error in refusing to charge the same.

There are several matters about which complaint is made in reference to the charge of the court and the admission and rejection of evidence by the court, which relate to and should be considered upon the question of whether or not there was any error by the court in the submission of the issue as to the negligence of Russell.

We do not feel that as to any of said claimed errors it is necessary for us to refer to them or discuss them in detail. We have given them very careful consideration and have unanimously reached the conclusion that the issue as to negligence on the part of Russell was fully and fairly and without any prejudicial error submitted to the jury, and further that a finding by the jury that Russell was not negligent would not only not be manifestly against the weight of the evidence, but that any other finding would be against the weight of the evidence.

The Supreme Court in **Knisley v Community Traction Co., 125 Oh St, 131,** having recently very explicitly determined that the two-issue rule is applicable in a case like this, we are not called upon to express any opinion as to the other errors complained of, which relate to the subject of contributory negligence of Barkac; but we think it is proper to say to counsel that a finding of the jury that Barkac was guilty of contributory negligence would likewise be not only not against the weight of the evidence but that any other finding on that issue would be against the weight of the evidence.

Upon the whole record, then, we find no prejudicial error that would justify this court in setting aside the judgment that was rendered in the Common Pleas Court, and that judgment is therefore affirmed.

PARDEE, PJ, and FUNK, J, concur in judgment