Wilkin, J.
 

 The petition in error raises four questions :
 

 1. Was the examination for the positions of superintendent and matron a legal examination, and was the eligible list properly and legally prepared?
 

 2. If the examination was legal, can the appointing officers be compelled to make an appointment when the certified list contains less than three names?
 

 3. Was the action of the State Civil Service Commission in vacating the eligible list legal?
 

 4. If the eligible list was legally vacated, can the court compel the appointment of either of the relators from the certified list?
 

 The first two questions were raised by the demurrer to the amended petition and must be détermined by the allegations of such petition and the law.
 

 As to the first question, the -amended petition alleges “that an examination to fill an alleged vacancy for said positions in The Madison County Children’s Home was duly advertised and held by the Civil Service Commission of Ohio.” It then alleges that certain persons participated in the examination and received certain grades, and that thereafter the Civil Service Commission prepared a certified list containing the names of the three persons receiving the highest grades in such examination, and sent such certified list to the Board of Trustees. Such allegations, admitted by the demurrer, show no illegality in the examination or in the eligible list.
 

 The Board of Trustees say that Sections 3084 and 3085, General Code, provide that the board shall designate the superintendent of the home and that the superintendent shall appoint the matron, their contention being that it was wrong for the Civil Service Commission to conduct a joint examination for super
 
 *564
 
 intendent and matron, and that such a combined examination is illegal.
 

 In view of the fact that Section 3085 says merely that “Upon the approval of the trustees the superintendent may appoint a matron,” and in view of the well known fact that in most cases the matron is the wife of the superintendent, it was natural for the Civil Service Commission and the appointing board to consider the two' positions as a combined position. Such a combined examination is not expressly prohibited by law.
 

 If anyone for good cause wished to object, he should have done so prior to the examination. From all that appears in the amended petition it cannot be said that the examination was restricted to husband and wife. There is nothing to show that anyone was denied permission to take an examination for the position of superintendent alone. So far as the amended petition is concerned no illegality appears, and the demurrer was therefore properly overruled.
 

 As to question two, the amended petition alleges that T. W. Eagleton, one of the three persons named in the certified list, had died. The Board of Trustees contends that it was illegal for the court to order it to make an appointment from a list containing only the two remaining names. There is no doubt that the Board of Trustees had a right to request a certified list of three names. If the board failed to make such request, however, it cannot complain, and an appointment made from a certified list of less than three would not be illegal.
 
 State, ex rel. Chapman,
 
 v.
 
 Lesser, Dir. of Public Safety,
 
 94 Ohio St., 387, 115 N. E., 33. If a request of the Board of Trastees for a full certified list had been denied, and such fact had been set up by answer, a writ of mandamus could not have issued to compel an appointment from a list of two names. But from all that appears in the
 
 *565
 
 amended petition, we cannot say that it was wrong to issue an order compelling appointment.
 

 The last two questions were raised by the second application for rehearing. The Court of Appeals, for several reasons, was justified in denying the' second application. The application was not only improper in form, but was not within the proper time and was a second application, whereas, as stated by the' Court of Appeals, “Ordinarily but one application for rehearing could properly be presented to this court.” Furthermore, it appears that the facts set up as grounds for the rehearing were within the knowledge of the Board of Trustees at the time of the prior hearings, or information as to such facts could have been obtained by reasonable diligence. "Why the Court of Appeals waived such objections and proceeded to determine the legal effect of the “new facts” set up in the second application for rehearing is not clear. It was quite generous in applying its rules of procedure — probably excessively generous. Liberality that makes for loose and confused practice cannot be commended. Since, however, it disregarded the technical objections to the second application and considered the legal effect of the facts alleged, and since its judgment thereon is now attacked by questions three and four of the petition in error, we proceed to consider those questions.
 

 As to question three, the legality of the action of the State Civil Service Commission in vacating the eligible list is quite clear. The law itself directs' that ‘ ‘ The term of eligibility of each list shall be fixed by the commission at not less than one year nor more than two years.” (Section 486-12, General Code.)
 

 As to question four, whether the court could compel an appointment from the certified list, after vacation of the eligible list, depends upon whether or not the vacation of the eligible list also vacated the certified list. Section 486-13, General Code, provides that the
 
 *566
 
 commission must certify three names from the eligible list. That was done in this case. To say that the vacation of the eligible list also vacated the certified list before an appointment had been made therefrom, would defeat the purpose of the Civil Service Law. There was no error in the determination of the Court of Appeals that the provisions of Section 486-12, governing the termination of eligible lists, did not apply in this case to the certified list prior to the appointment. In the circumstances a due regard for the purpose of the Civil Service Law required that an appointment be made without further delay. The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.