Hart, J.,
 

 dissenting. The errors complained of by the plaintiff relate almost exclusively to the charge of the trial court. Even if there were errors in the charge, .they must have been prejudicial to the plaintiff in order to warrant a reversal of the judgment in favor of the defendants.
 

 One of the issues in the case was the truth or falsity of the publication. If the publication was true, there could be no recovery. The general verdict in favor of the defendants must be regarded as a finding that the publication was true. A general verdict or one finding the issues joined in favor of one of the parties is a finding «for such party on all the issues in the case.
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626;
 
 Calvin
 
 v.
 
 State,
 
 12 Ohio St., 60, 72;
 
 Fries
 
 v.
 
 Mach,
 
 33 Ohio St., 52, 59;
 
 Shaul
 
 v.
 
 Norman,
 
 34 Ohio St., 157, 158. And a reviewing court must assume that all the facts were found by the trial court which the evidence in favor of its finding warranted, without reference to counter evidence.
 
 Fortman
 
 v.
 
 Goepper,
 
 14 Ohio St., 558, 562.
 

 It is well settled that where there are several de
 
 *387
 
 fenses to an action, a general verdict and a judgment thereon must be sustained if one controlling issue has been tried free from error. Any error as to another issue will be disregarded.
 
 Sites
 
 v.
 
 Haverstick, supra; Beecher
 
 v.
 
 Dunlap,
 
 52 Ohio St., 64, 38 N. E., 795;
 
 McAllister
 
 v.
 
 Hartzell,
 
 60 Ohio St., 69, 95, 53 N. E., 715;
 
 State, ex rel. Lattanner,
 
 Deputy
 
 Supt.,
 
 v.
 
 Hills,
 
 94 Ohio St., 171, 113 N. E., 1045, L. R. A. 1917B, 684;
 
 Niemes
 
 v.
 
 Niemes,
 
 97 Ohio St., 145, 149, 119 N. E., 503;
 
 Jones
 
 v.
 
 Erie Rd. Co.,
 
 106 Ohio St., 408, 410
 
 et seq.,
 
 140 N. E., 366;
 
 Ochsner, Admr.,
 
 v.
 
 Cincinnati Traction Co.,
 
 107 Ohio St., 33, 39, 140 N. E., 644;
 
 Knisely
 
 v.
 
 Community Traction Co.,
 
 125 Ohio St., 131, 132
 
 et seq.,
 
 180 N. E., 654.
 

 In my opinion there was no error in the charge as to the burden of proving the falsity. An averment in the petition and proof that a publication is false are unnecessary if the words of the publication are actionable
 
 per se,
 
 but indispensable if they are not. 33 American Jurisprudence, 221, Section 242;
 
 Turner
 
 v.
 
 Brien,
 
 184 Iowa, 320, 167 N. W., 584, 3 A. L. R., 1585. In my view, for reasons hereinafter stated, the publication was not libelous
 
 per se.
 
 Therefore, the judgment in the instant case, based on a verdict finding the publication not false but true, should be sustained.
 

 Another issue determined by the jury’s verdict was that the plaintiff did not suffer damages as a result of the publication. In case a publication is libelous
 
 per se,
 
 the plaintiff may recover damages without limit, even though he has not suffered a cent in actual damages. If, on the other hand, the publication is not libelous
 
 per se,
 
 even though it be false, he may recover only such actual damages as are shown to have been suffered by him. 33 American Jurisprudence, 222, Section 243;
 
 Schoedler
 
 v.
 
 Motometer Gauge & Equipment Corp.,
 
 134 Ohio St., 78, 15 N. E. (2d), 958;
 
 Bige
 
 
 *388
 

 low
 
 v.
 
 Brumley,
 
 138 Ohio St., 574, 37 N. E. (2d), 584;
 
 Hunt
 
 v.
 
 Meridian Printing Co.,
 
 17 C. C. (N. S.), 293, 32 C. D., 151, affirmed, 87 Ohio St., 522, 102 N. E., 1128.
 

 Whether a publication, considered alone, is libelous
 
 per se
 
 is a question for the court; but if the publication requires the proof of an innuendo, as assumed by the plaintiff in this case, to show that it is libelous
 
 per se,
 
 a jury question is presented as to whether the inferences to be drawn from the publication sustain the innuendo. In other words, a question of fact is presented as to whether the publication bears the interpretation charged in the innuendo. Under the rule above stated, the jury evidently found that the innuendo was not sustained and that the publication was not libelous
 
 per se.
 

 In the instant case, the real substance of the charge made in the publication, stripped of all innuendo and emotional claims, was that the plaintiff abused her discretion in the matter of granting a continuance’in a criminal action pending in her court. It did not charge her with any professional incapacity, delinquency of character, or with any act of morál turpitude involving fraud or dishonesty.
 

 In my opinion, the petition and the evidence in support of it failed to make a case of libel
 
 per se.
 
 Since the petition did not allege any special damages and since none were proven, the verdict of the jury and the judgment thereon were justified by the jury’s finding -on this issue.
 

 Here again, there was no error in the charge of the court on this issue which was or could be prejudicial to the plaintiff. Applying the two-issue rule supported by the cases already cited, the judgment for the defendants should be sustained.