**UNITED PUBLIC WORKERS OF AMERICA et al. v. LOCAL NO. 312, UNITED PUBLIC WORKERS OF AMERICA et al.**

Civ. A. No. 8670.

United States District Court
E. D. Michigan, S. D.
Dec. 1, 1950.

Ernest Goodman, of Detroit, Mich., for plaintiffs.

Ralph R. Goldsmith, of Detroit, Mich., for defendants.

THORNTON, District Judge.

The original complaint filed by the United Public Workers of America alleges that plaintiff is an unincorporated, voluntary association commonly known as a labor union with its principal office in New York City, and that it is a citizen of the state of New York; that defendants Local 312, United Public Workers of America, and United DSR Employees Local Industrial Union No. 312, CIO, are unincorporated, voluntary associations known as labor unions, with principal offices in Detroit, Michigan, and that they are citizens of the state of Michigan. Also named as defendants are the officers of both such unions, both individually and as such officers.

This complaint sets forth that Local 312, United Public Workers of America, was a local union of plaintiff, United Public Workers of America, chartered by it and subject to its constitution; that on or about November 17, 1949, Local 312, United Public Workers of America seceded from the plaintiff, United Public Workers of America, and voted to transfer the properties of said Local 312, United Public Workers of America to United DSR Employees Local Industrial Union No. 312, CIO.

It is the claim of plaintiff that it is entitled to all the property of Local 312, because of the following provisions in the constitution of the UPWA which Local 312 adopted by virtue of its membership in the parent organization: "In the event that a Local Union's charter is revoked, or the Local Union disbands, dissolves or secedes, the charter and all books, monies and property shall be delivered and turned over to the International Union through the office of the International Secretary-Treasurer upon demand by the International President."

Subsequent to the filing of the original complaint, an *amended* complaint was filed naming the UPWA and Ewart Guinier, Administrator of Local 312, UPWA, as plaintiffs with the same defendants as set forth in the original complaint, the said *amended* complaint containing the allegation that the plaintiff, Ewart Guinier, is a citizen and a resident of New York State, International Secretary-Treasurer of the International Union, and duly appointed as Administrator of Local 312, UPWA, pursuant to the order of the International President of the International Union, *such order having been issued subsequent to the commencement of the within cause.*

Following the filing of this amended complaint, leave of Court was sought permitting the filing of a second amended complaint, wherein Ewart Guinier, Administrator of Local 312, UPWA, and Ewart Guinier, on behalf of himself and all others similarly situated, were named as plaintiffs with the same defendants.

In the original complaint the plaintiff, UPWA, requested that this Court decree that it became entitled to the property of Local 312, UPWA, that it direct defendant, Local 312, UPWA, to turn over such property to plaintiff; that a temporary injunction issue restraining defendants from transferring or disposing of the property of Local 312, UPWA, in any manner whatsoever * * *.

The second amended complaint asks for the following relief:

"That upon the final hearing of said cause, this Court adjudge and decree that pursuant to the Constitution of United Public Workers of America and of the Constitution and By-laws of Defendant Local 312 United Public Workers of America, the action taken by the Local Union in attempting to secede from the International Union was illegal and void and that plaintiff is entitled to the charter and all books, monies and property of Defendant Local 312, United Public Workers of America, to be held and used by him for the benefit of the members of said Local and International Unions in accordance with the Constitution of said International and Local Unions, or

"In the alternative, that upon the final hearing of said cause, in the event this court determines that Defendant Local 312 United Public Workers of America has legally and properly seceded from United Public Workers of America that this Court adjudge and decree that, pursuant to the Constitution of the United Public Workers of America, plaintiff became and is entitled to the charter and all books, monies and

property of Local 312, United Public Workers of America.

"That upon the final hearing of said cause this court issue its mandatory injunction requiring defendants herein to deliver and turn over to plaintiff herein the charter and all books, monies and property of said Local Union 312 United Public Workers of America * * *."

In conjunction with the foregoing litigation, the Court has pending before it three motions:

1. Motion by defendants to dismiss the complaint for want of jurisdiction of the parties.

2. Motion to dissolve restraining order heretofore issued, which order restrained defendants from transferring or disposing of any property belonging to Local 312, UPWA. (This restraining order has heretofore been relaxed by stipulation between the parties and upon order of the Court.)

3. A motion made orally by plaintiffs for leave to file a second amended complaint in which the original plaintiff is dropped and a different plaintiff is substituted in its place.

The defendants have asked that their motion to dismiss the original complaint be addressed to the second amended complaint, and the Court authorized this procedure.

As to the original and first amended complaints, this Court is without jurisdiction because of a lack of the necessary diversity of citizenship as between the parties. Philadelphia Local 192 of American Federation of Teachers v. American Federation of Teachers, 44 F.Supp. 345.

Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A. requires that leave of Court be obtained by the plaintiff to file its second amended complaint, and the rule further provides that such leave should be freely given when justice so requires.

The controversy here present is within the structure of a labor union, and the plaintiffs rely upon the Constitution of the United Public Workers of America, CIO, as authority for the alternative relief prayed for in the second amended complaint. (By stipulation of the parties, the Constitution of the United Public Workers of America, CIO, was admitted in evidence.)

In its efforts to reach a determination of the different motions the Court has found the following situations to be present in the controversy:

(a) The plaintiff administrator herein is purportedly an appointee of the International President of the Union and as such he is charged with the administration of the affairs of Local 312; however; he is also International Secretary-Treasurer of the UPWA; he is a resident and citizen of the state of New York, and a person who is apparently officially antagonistic to the interests of Local 312 of Detroit, Michigan, although by virtue of his appointment as administrator he is charged with the duty of protecting the interests of the Detroit Local. One acting in the fiduciary capacity of administrator should have an identity of interest with the beneficiary, whereas in this situation the fiduciary is completely antagonistic to the entire class whose funds and property he has been appointed to preserve and safeguard until final disposition. His title is administrator but he acts under no appointment of any Court, and without any apparent bond or surety, and is accountable only to the International Union for his actions. To grant his prayer and turn over the defendants' assets for safekeeping to a person in the proposed status of this plaintiff administrator, who resides outside the jurisdiction of the courts of the state of Michigan, would indeed render the defendants helpless in relation to their own property.

(b) As a further observation, Guinier, as administrator of the affairs of Local 312, should properly be aligned with the defendants since this is the group which owns the money and property that he has asked the Court to place in his trust. Ikeler v. Detroit Trust Co., D.C., 39 F.Supp. 371.

(c) The second proposed plaintiff under the second amended complaint is Ewart Guinier, on behalf of himself and all others similarly situated, the complaint setting

forth the allegation that the "plaintiff, Ewart Guinier, brings this action on behalf of himself and all other members of the United Public Workers of America similarly situated. The United Public Workers of America has approximately 75,000 members in the United States and it is impractical to bring them all before the Court", and by this proposed proceeding this particular plaintiff is attempting to establish and maintain a class action in the instant matter. The UPWA, the class, includes the membership of Local 312, some 2000 in number, and to determine that any one individual can adequately insure representation of all 75,000 members of the class, including a group of approximately 2000 apparently dissatisfied members of the class, would invoke the imagination of a tribunal more gullible than this Court.

(d) The primary issue submitted to this Court for determination is the legality of the attempted secession of the Local Union from the International Union. Whichever way the Court decides this issue, the plaintiff will prevail under the theory of the second amended complaint. If it is determined that the Local Union acted improperly and not within its rights, and the secession be illegal, the funds, records, etc., of the Local Union will go to plaintiff, Ewart Guinier, as administrator of Local 312, UPWA, whereas if the Court were to find that the Local Union conducted itself in a proper manner and seceded legally, then the funds and property would belong to the Plaintiff Guinier as class representative of the UPWA, this being the exact relief prayed for in the alternative in Paragraph 1 of plaintiff's prayer in the proposed second amended complaint. Regardless of what the facts may be, or what legal processes might be involved, the second amended complaint is so contrived that plaintiff must succeed and defendant must fail.

(e) Article 8, Section 18, of the Constitution of the International Union provides as follows: "In the event that a Local Union's charter is revoked, or the Local Union disbands, dissolves or secedes, the charter and all books, monies and property

shall be delivered and turned over to the International Union through the office of the International Secretary-Treasurer upon demand by the International President."

The amended bill of complaint alleges that the International President made a demand upon the Local Union and individually upon certain members of the Local Union and that his demand was not complied with by those parties. It is significant, however, that Article 8, Section 18, makes no provision for the appointment of an administrator for the Local Union in the event that the demand by the International President is ignored by the Local Union.

(f) The International President issued an order on January 28, 1950 *(while the within cause of action was pending in this Court)*, suspending the charter of Local Union 312 and appointing Ewart Guinier as administrator in the following described language:

"Order of International President Suspending Charter of Local Union No. 312 and Appointing Administrator

"The undersigned, International President of the United Public Workers of America, CIO, having made an order dated December 6, 1949, suspending Raymond C. Kugler, the President, and Theodore E. Bordeau, the Financial Secretary of Local Union No. 312, and deeming further action necessary for the good and welfare of the organization, and acting pursuant to Article 5, Section 11 of the constitution of the United Public Workers of America, hereby:

"1. Suspends the charter of Local union No. 312;

"2. Designates and appoints Ewart Guinier, International Secretary-Treasurer of the United Public Workers of America, as administrator of Local union No. 312 to administer all of its affairs, and to act in all respects in place and in stead of its officers, and to receive from said officers and from all others, all the books, records, funds, and other property of and belonging to local union No. 312, and to hold and to use the same for the benefit of the

542

members of the union, in accordance with the constitution of the International Union, pending appropriate action by the International Union.

"Abram Flaxer, International President,

"United Public Workers of America

"Date: January 28, 1950

"Reg.Ret.Rec.Req.

"upw 30"

Since this order was not in effect at the time the original bill of complaint was filed on November 22, 1949, the said Ewart Guinier, as administrator of Local 312 UPWA, was not in existence and, therefore, could not have been an original party plaintiff. This Court is not conscious of any legal provision whereby a party having no existence at the commencement of an action, but subsequent thereto coming into being by virtue of appointment in a particular capacity, may be added as a party plaintiff through the office of an amended complaint. Since the action of the International President, as heretofore mentioned, was subsequent to the filing of the original bill of complaint the motion should embrace leave to file a supplemental bill of complaint rather than leave to file the second amended complaint. It is noted that the above mentioned action of the President is also included in the first amended complaint. General Bronze Corporation v. Cupples Products Corporation, D.C., 9 F.R.D. 269.

"An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause." Berssenbrugge v. Luce Mfg. Co., D.C., 30 F.Supp. 101.

Rule 15(d) of the Rules of Civil Procedure authorizes the Court to permit a party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented, and the supplemental matter embraced in the pleading could also include the addition of parties plaintiff; however, this rule contemplates the *adding* of parties plaintiff and not the *dropping* of them. If therefore, we were to consider the proposed pleading and the so-called amended complaint as supplemental pleadings, we would find that the original complaint plus what has been added to it by way of supplement is the only complaint in this action, and that as to it this Court is without jurisdiction because of lack of the necessary diversity of citizenship.

The plaintiffs allege that the action on the part of the International President in appointing Ewart Guinier as administrator is authorized by Article 5, Section 11, of the Constitution of the International Union which reads as follows: "All Local Unions and other subordinate branches of the International Union must be chartered by, and shall be under the jurisdiction of and subject to the laws of the International Union and rulings of the International Executive Board. Charters of Local Unions and other subordinate branches of the International Union may be suspended by the International President. The President shall have authority to create a provisional administration for the subordinate branch whose charter has been suspended. This action of the International President shall be subject to review by the International Executive Board, who shall have the authority to reinstate or revoke the charter. Until such review is had and unless said order of suspension is set aside, all members, officers and branches within the territory affected by the order of suspension shall respect and conform to said order. An appeal may be had from the decision of the Executive Board upon an order of revocation, to the next International Convention." (Article 5, Section 11.)

It is assumed that all members of the Local Union subscribed to the Constitution of the International Union, by virtue of their membership in Local Union 312. Article 8, Section 3; and Article 5, Section 11, Constitution, UPWA, CIO.

Since the plaintiffs contend in their amended bill of complaint that the relief

they are seeking is authorized by the Constitution of the International Union, a further examination of this Constitution is necessary to assist this Court in ascertaining what provision has been made by this Constitution in relation to internal controversies.

The Constitution of the International Union, in authorizing the International President to create a provisional administrator for the subordinate branch whose charter has been suspended, further provides as follows: "This action of the International President shall be subject to review by the International Executive Board, who shall have the authority to reinstate or revoke the charter. Until such review is had and unless said order of suspension is set aside, all members, officers and branches within the territory affected by the order of suspension shall respect and conform to said order. An appeal may be had from the decision of the Executive Board upon an order of revocation, and to the next International Convention." (Article 5, Section 11, of the Constitution of the United Public Workers of America.)

A further examination of the Constitution of the International Union discloses the fact that Article 10 of the Constitution is entitled "Trials and Appeals" and this entire article of twelve sections is dedicated to the procedure adopted by the members of the International Union for settling their own disputes in tribunals established by the Constitution.

■ Since the action of the International President in suspending the charter of Local Union 312 and appointing an administrator to take over the money and property of the Local is subject to review by another tribunal established by the Constitution, and since the complaint is barren of any allegation that this constitutional provision has been complied with, the plaintiffs are not entitled to a judicial determination of an internal question in the absence of a showing that they have exhausted the administrative procedure set up by their own Constitution.

Accordingly:

(1) Defendants' motion to dismiss complaint granted.

(2) Defendants' motion to dissolve restraining order granted.

(3) Plaintiffs' motion for leave to file second amended complaint denied.