McDonald, Appellant, *v.* Haught, Appellee.
Casper, Appellee, *v.* Everhart, Appellant.

[Cite as McDonald v. Haught, 10 Ohio St. 2d 43.]

(Nos. 40184 and 40420—Decided April 5, 1967.)

44

Mr. *Roger F. Redmond,* for appellant in case No. 40184.
*Messrs. Summers, Haupt & Theisen* and *Mr. Paul T. Theisen,* for appellee in case No. 40184.
Mr. *James A. Kiger,* for appellee in case No. 40420.
*Messrs. Junk & Junk,* for appellant in case No. 40420.

MATTHIAS, J. We are here presented with the question of whether it is necessary for a plaintiff in a negligence action to file a reply, denying an allegation of contributory negligence made by a defendant in his answer, where the defendant does not plead any facts supporting his allegation of contributory negligence. The Court of Appeals for Washington County has held that a reply is required. The Court of Appeals for Fayette County has held that it is not necessary to file a reply in such instance. We agree with the latter court that a reply is not necessary in such a case.

Section 2309.13, Revised Code, provides the statutory basis for the contents of an answer. Stated simply, the answer shall contain (a) a general or specific denial, (b) new matter of defense or counterclaim available to the pleader, and (c) a demand for any affirmative relief sought. In the causes before us, each answer consists of a general denial and an allegation to the effect that "if defendant was negligent, which he specifically denies, then plaintiff was also guilty of negligence which proximately contributed to his injuries." No allegations of fact to substantiate this conclusion were made in either case. This conclusion is one of law. Ordinarily, if such a conclusion of law, standing alone, were found in a pleading it would be fatally defective, for " 'it is essential to the sufficiency of a pleading alleging conclusions of law that such conclusions are supported by a statement of facts justifying them.' " *Toms* v. *Delta Savings & Loan Assn.,* 162 Ohio St. 513, 517. Stated otherwise, " '[w]hile conclusions of law are ordinarily disregarded in determining the sufficiency of a pleading * * * this is not true where the conclusions are supported by an averment of facts from which the conclusions are drawn.' " *Toms* v. *Delta Savings & Loan Assn., supra,* 517. Thus in *New York, Chicago & St. Louis Rd. Co.* v. *Kistler,* 66 Ohio St. 326, this court held in the second paragraph of the syllabus:

"In an action founded upon negligence, the petition should state the acts of commission or omission which the plaintiff claims to have caused the injury; and that statement being made, it is sufficient to aver that such acts were carelessly or negligently done or omitted."

The court held further, at page 333, that "[u]pon the trial the evidence should be confined to the acts of negligence so specifically and definitely averred in the petition" and stated that the trial court should have required the petition, which made a general averment of negligence, to be made definite and certain by stating the acts of commission or omission claimed to have caused the injury. See *Palmer* v. *Humiston,* 87 Ohio St. 401. Nor is this a harsh rule, for Section 2309.58, Revised Code, allows the trial court to amend the pleadings to conform to the facts in the interest of justice, even after judgment.

Notwithstanding this general rule of good pleading, which it would seem in all fairness to apply equally to the answer as

to. the petition, this court has on numerous occasions stated "that in pleading contributory negligence it is not necessary to allege specific acts of negligence." *Knisely* v. *Community Traction Co.,* 125 Ohio St. 131, 136. (Since the propriety of this lackadaisical method of pleading contributory negligence is not before us in the instant causes, we do not examine it.) Thus, while it necessarily follows from the *Knisely case, supra,* that a bare allegation of contributory negligence is good against a demurrer (but see *DeWeese* v. *Security Savings Assn. of Dayton,* 126 Ohio St. 480), it does not also follow, as the writer of *Knisely* states, that such a general allegation is sufficient and good as against a motion to make definite and certain. *New York, Chicago & St. Louis Rd. Co.* v. *Kistler, supra* (66 Ohio St. 326). See, also, *Dansby* v. *Dansby*, 165 Ohio St. 112.

The two methods of pleading contributory negligence (*i. e.,* with or without specific facts which support the allegation) bring us to our present dilemma. Section 2309.27, Revised Code, requires in part that "every material allegation of new matter in an answer not controverted by the reply, shall be taken as true." It goes without saying that an answer which avers that plaintiff was contributorily negligent and which also alleges the specific acts or omissions of which defendant complains does set forth "material allegations of new matter" which must be controverted by a reply or will be taken as true. Where no reply denying such new matter is filed, there is authority for granting defendant judgment on the pleadings. *Fewster* v. *Goddard* (1874), 25 Ohio St. 276. However, the cases awarding judgment to a defendant for the inadvertence of an attorney to file a reply are, generally, old precedents occurring at a time when a lawsuit ofttimes developed into a test of an attorney's astuteness rather than a determination of the merit of a client's contention.  To decide a lawsuit on the failure of an attorney to file a reply rather than on the merits of a claim would seem an anachronism in our present-day system of jurisprudence. Further, the majority of the trial courts of this state avoid this pitfall entirely by either suggesting or perhaps, in some cases, ordering that a reply be filed.

The argument in favor of preventing a plaintiff from losing his case with prejudice and otherwise than on the merits is

even stronger when a defendant avers that plaintiff was contributorily negligent in a manner which, although sanctioned by the *Knisely* opinion, *supra* (125 Ohio St. 131), is a conclusion of law unsupported by factual allegation. This court has repeatedly held that both allegations and denials of this character are without any legal significance whatever. *United States Rolling Stock Co.* v. *Atlantic & Great Western Rd. Co.*, 34 Ohio St. 450, 467. *Knox County Bank of Mt. Vernon* v. *Lloyd's Admrs.*, 18 Ohio St. 353; *Larimore* v. *Wells, Admr.*, 29 Ohio St. 13; *Baltimore & Ohio Rd. Co.* v. *Wilson*, 31 Ohio St. 555; *Pelton* v. *Bemis*, 44 Ohio St. 51; *DeWeese* v. *Security Savings Assn. of Dayton, supra* (126 Ohio St. 480). This being so, they are not material allegations which must be denied by an adverse party.

Therefore, we hold that an allegation in an answer that plaintiff was contributorily negligent is not a material allegation as defined in Section 2309.28, Revised Code, where such allegation is not coupled with averments of fact supporting such a legal conclusion, and a plaintiff is not required by Section 2309.-27, Revised Code, to file a reply denying such a legal conclusion.

The judgment of the Court of Appeals for Washington County (case No. 40184) is reversed and the cause remanded to the Common Pleas Court for proceedings consistent with this opinion.

The judgment of the Court of Appeals for Fayette County (case No. 40420) is affirmed.

*Judgment reversed in case No. 40184.*
*Judgment affirmed in case No. 40420.*

TAFT, C. J., STRAUB, O'NEILL, HERBERT, SCHNEIDER and Brown, JJ., concur.

STRAUB, J., of the Sixth Appellate District, sitting for ZIMMERMAN, J.