GIBBS ET AL., APPELLANTS, *v.* LEMLEY ET AL., APPELLEES.

[Cite as Gibbs v. Lemley (1972), 33 Ohio App. 2d 220.]

(No. 1146—Decided October 11, 1972.)

*Mr. James E. Waldo,* for appellants.

*Mr. H. D. Spears* and *Mr. Kenneth B. Ater,* for appellees.

GRAY, J. This cause is in this court upon appeal from a judgment of the Court of Common Pleas of Lawrence County. The question posed in this case arose in the following manner.

Plaintiffs brought an action for a contest of the will of Mary Louise Jaynes. Clarence Wiley was named in the will as a devisee and legatee and was also named executor. In the caption of the complaint Clarence Wiley was not named as executor, although he was named in the caption as an individual defendant and in the body of the complaint as a legatee, devisee and as executor. The trial court dismissed the complaint because all necessary parties were not before the court.

Plaintiffs, feeling aggrieved, filed their notice of appeal, claiming error in the ruling of the trial court.

Civ. R. 4 is as follows:

"(A) Summons: Issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant. Upon request of the plaintiff separate or additional summons shall issue at any time against any defendant.

"(B) Summons: form: copy of complaint. The summons shall be signed by the clerk, contain the name and address of the court and the names and addresses of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the times within which these rules or any statutory provision require the defendant to appear and defend, and shall notify him that in case of his failure to do so, judgment by default will be rendered against him for the relief demanded in the complaint. A copy of the complaint shall be attached to each summons. The plaintiff shall furnish the clerk with sufficient copies.

"(C) Summons: plaintiff and defendant defined. For the purpose of issuance and service of summons 'plaintiff' shall include any party seeking the issuance and service of summons, and 'defendant' shall include any party upon whom service of summons is sought."

The clerk of courts only issued summons for the persons named in the caption, and therefore did not issue summons for Clarence Wiley, as executor. He was described as executor of the estate in the body of the complaint.

The Rules of Civil Procedure changed the duties of attorneys and clerks of courts. The burden now lies upon the clerk of courts to issue proper summons.

Rule 10 (A) is as follows:

"Caption; names of parties. Every pleading shall contain a caption setting forth the name of the court, the title of the action, the case number, and a designation as in Rule (A). In the complaint the title of the action shall include the names and addresses of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."

In order to resolve this question we must determine the status of the caption of the case in regard to the body of the complaint itself.

Our Civil Rules were patterned after the Federal Rules of Civil Procedure. The same question occurred in *Hoffman* v. *Halden*, 268 F. 2d 280. The court, at page 303, said:

"* * * We do not consider this too important, in that

the caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption.''

We believe the philosophy of the Supreme Court to be that a litigant should win or lose on the merits of his case if at all possible. See *McDonald* v. *Haught,* 10 Ohio St. 2d 43.

June 16, 1971, was the deadline for filing a suit to contest the will. All the other defendants, save Wiley, were served before June 16, 1971, and Wiley, as executor, was served on August 17, 1971. Wiley as an individual was served on June 3, 1971.

The judgment of the lower court is reversed and the cause is remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

ABELE, P. J., concurs.
STEPHENSON, J., dissents.

STEPHENSON, J., dissenting. The dispositive issue presented in this appeal is whether a common pleas court has jurisdiction in a will contest where a defendant is not only a devisee and legatee, but is also a duly appointed and acting executor of the testatrix's estate and is designated in the body of the complaint as a devisee and legatee and also as executor, being designated, however, in the caption by name only with no separate designation as executor and summons is served upon him only as an individual, and no amendment is made or sought to the complaint or service made as executor until six months after the probate of the will.

R. C. 2741.02 requires that all devisees, legatees, heirs and other interested persons, including the executor or administrator must be made parties under the will contest section. R. C. 2741.01. R. C. 2741.09 requires that such action be brought within six months after the will has been admitted to probate, except as to persons under disability.

Prior to the adoption of the civil rules, the general

statutory law as to when an action commenced was applicable. An action was commenced by the filing of a petition and causing a summons to issue thereon. R. C. 2703.01. An action was deemed commenced as to the date of the summons served upon the defendant. An attempt to commence an action was equivalent to commencement if such attempt was followed by service within 60 days. R. C. 2305.-17. In 1965, R. C. 2305.17 was amended, in substance, by providing that an action is commenced by filing a petition, with a precipe demanding that summons issue, if service is obtained within one year. At the same time, a "united in interest" provision, not pertinent here, was deleted.

Under the civil rules, effective July 1, 1970, and applicable here, an action is commenced by the filing of a complaint if followed by service within one year. Rule 3(A). Hence, the requirement under the statutes that summons in a will contest must issue within six months is now obviated. In this case, a summons was issued by the clerk and the defendant served individually within six months. Subsequently, the six months after probate having elapsed, but within one year of filing suit, at counsel's request, summons was issued and served upon the executor in that capacity. The question is not, therefore, one of service but whether, pursuant to the requirement of R. C. 2741.02, the executor was actually made a party as executor within the six-months limitation period.

In Ohio, the right to contest the validity of a will is created by statute, and that right is conditioned upon bringing the action within six months after probate, with all necessary parties being so named and made parties within the six-months period. *Fletcher* v. *First National Bank,* 167 Ohio St. 211; *Gravier* v. *Gluth,* 163 Ohio St. 232. By express provision in R. C. 2741.02, *supra,* an executor is a necessary party.

The Ohio Supreme Court has adopted the view that a person who is an heir, legatee or devisee, and also an executor or administrator, is, for will-contest purposes, two separate legal entities. See concurring opinion of Chief Justice (then Judge), Taft in *Mangan* v. *Hopkins,* 166 Ohio St. 41. Under such theory, it is necessary that such person

be made a party in both capacities within the statutory time limitation followed by proper service in both capacities. *Peters* v. *Moore,* 154 Ohio St. 177; *Bynner* v. *Jones,* 154 Ohio St. 184; *Porter* v. *Fenner,* 5 Ohio St. 2d 233.

Bearing in mind the prior statutory requirements for commencement of action, the Supreme Court, in determining in what capacity a party had been sued, has given consideration in the record to the caption, the petition, the precipe and the summons. See *Abbott* v. *Dawson,* 167 Ohio St. 238. Under the Civil Rules the precipe, as such, is eliminated. Such elimination would appear to emphasize the present importance that the title in the caption and the body of the complaint clearly and definitely manifest that the executor is being sued as such. Civ. R. 9 (A) does not, in the view of this writer, alter such requirement.

It is important to note the distinction drawn by the Ohio Supreme Court where an executor, who has no other relationship to the estate, is made a party and is so designated in the petition, as opposed to making an executor a defendant who is also a legatee, devisee or heir. Where the executor was that alone and was so designated in the petition, but not in the caption, precipe or summons and served as an individual, he, nevertheless, is considered to have been properly joined as an executor since there existed no other basis upon which he could be made a party or summoned. *Porter* v. *Fenner, supra,* overruling *Mangan* v. *Hopkins, supra.* See, also, *Center* v. *St. Peter's Episcopal Church,* 11 Ohio St. 2d 64.

When, however, there is a dual capacity, as here, the rule is otherwise, and the record must clearly demonstrate, under the applicable rules or statutes, that such person was sued in both capacities. *Peters* v. *Moore, supra; Bynner* v. *Jones. supra.* In *Bynner,* a defendant, Jones, was executor and also a devisee and legatee. He was named defendant and served in his individual capacity. In the body of the petition, however, it was stated that he was appointed executor by the Court of Probate. Additionally, Jones answered and admitted his appointment as executor. The court stated:

"From these facts the court is asked to *infer* that Jones

was *sued* in the distinctive, fiduciary capacity of executor, although he was not named as a defendant in that capacity, no precipe was filed for the issuance of a summons for him in that capacity, and no summons was served on him in that capacity; and no explanation is offered as to why these important steps were not taken.

"As observed in the *Peters* case, Section 12080, General Code, clearly provides that the executor *must* be made a *party* to the action. As in the *Peters* case, this was not done within the statutory period, and the action must fail."

The critical question is whether the executor here was made a party and, hence, sued in that capacity as well as individually. He is not named in such capacity in the caption, although Civ. R. 10(A) requires, as a part of the caption, a title setting forth the names and addresses of all parties. In the body of the complaint the statement with reference to his appointment is: "That the defendant, Clarence Wiley, was appointed by the Probate Court as the executor of the estate of said decedent, and is now acting as such."

If Wiley is a defendant here in two different capacities it must, under these facts, be by inference from such statement in the complaint. The refusal of the Ohio Supreme Court in *Bynner* v. *Jones, supra,* to accept such inference, in my view, precludes its acceptance here.

In *Porter* v. *Fenner, supra,* in which *Mangan* v. *Hopkins, supra,* was overruled, Chief Justice Taft dissented. In his dissent he expressed the view that he considered it unfortunate that the court did not also overrule the *Bynner* decision, since the reasons advanced in the majority opinion for overruling *Mangan* would require a different result in *Bynner*. It is evident, since the majority opinion did not overrule *Bynner* but rather cited it as authority, when a dual capacity situation exists, that the holding of the majority opinion was confined to a situation where the executor had that relationship alone to the estate. Hence, *Porter* v. *Fenner, supra,* upon which appellant relies, does not, upon analysis, support appellant's position but rather that of appellee.

Attached to the complaint herein is a "certificate,"

wherein it is stated that a copy of the complaint was mailed to the counsel and attorney of record "for Clarence Wiley, executor, and one of the defendants herein on the 1st day of June, 1971." While there is no civil rule which provides for such mailing upon the filing of a complaint, it had the effect of putting counsel and the defendant on notice of the pendency of the suit. It could also be construed as an intention to make the executor a party. It did not, however, have the effect of making the executor a party as the executor which is the critical issue here.

This writer concludes, without enthusiasm since disposition on the merits is always preferable, that under the law as it now exists, the court was without jurisdiction and the cause was properly dismissed. The General Assembly has set the policy of this state in requiring suit within six months after probate, and, unlike ordinary statutes of limitations, adopted a statute which is jurisdictional in effect. Whether such policy is needed to facilitate administration of estates, or whether it is fair or unfair, just or unjust, are matters of legislative and not judicial concern.

I would affirm.

ON APPLICATION for reconsideration.

GRAY, J. The attorney for defendant has filed an application for reconsideration of the decision previously announced by a majority of the court. His basis for such application is that Civ. R. 10 states, in pertinent part, as follows:

"* * * In the complaint the title to the action shall include the names and addresses of all the parties * * *."

Let us review the fundamentals. Staff Note to Civ. R. 1 (B), Construction, states:

"Rule 1(B) states that 'these rules shall be construed and applied' so as to facilitate 'the expeditious administration of justice.' Hence emphasis is placed upon liberal construction rather than upon technical interpretation."

Civ. R. 3(A) states:

"Commencement. A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing."

Civ. R. 4(A) states:

"Summons: Issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant. * * *"

It should be pointed out that Civ. R. 4(A) does *not* state that "upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant *named in the caption of the complaint.*"

It should also be pointed out that Civ. R. 10 (A) does *not* say:

"In the complaint the title to the action shall include the names and addresses of all the parties and *the clerk shall issue summons only for those defendants named in the caption of the case.*"

Let us advert to Civ. R. 15(C), which is as follows:

"Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

"The delivery or mailing of process to this state, a muncipal corporation or other governmental agency, or the responsible officer of any of the foregoing, subject to service of process under Rule 4 through Rule 4.6, satisfies the requirements of clauses (1) and (2) of the preceding paragraph if the above entities or officers thereof would have been proper defendants upon the original pleading. Such entities or officers thereof or both may be brought into the action as defendants."

The liberal philosophy to be applied in the application of these rules is further fortified by the above lan-

guage. Indeed, it could be maintained that Civ. R 15(C) is dispositive of this matter. However, we wish to make other observations in regard to this question.

We desire to cite the following authorities to support our position. The purpose of Civ. R. 15, applicable to retrospective amendment of pleadings and of prayer for relief, is to avoid the *tyranny of formalism*. *Rosden* v. *Leuthold* (D. C. Cir.), 274 F. 2d 747.

This rule providing that the amendment of a pleading arising out of conduct, transaction or occurrence set forth in the original pleading shall relate back to date of original pleading was designed so that cases would be *determined on their merits, not technicalities*. *Taormina Corp.* v. *Escobedo* (C. C. A. 5, 1958), 254 F. 2d 171, cert. denied, 358 U. S. 827, 3 L. Ed. 2d 66, 79 S. Ct. 44.

These rules were intended *to facilitate the application of substantive law and not to fight it, and they contemplate free amending privileges*. *Brown* v. *Dunbar & Sullivan Dredging Co.* (C. C. A. 2, 1951), 189 F. 2d 871.

This rule contemplates the adding of parties plaintiff and not the dropping of them. *United Public Workers of America* v. *Local No. 312* (D. C. Mich. 1950), 94 F. Supp. 538.

Federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and this court accepts the principle that the purpose of a pleading is to facilitate proper decisions on their merits. *U. S.* v. *Hougham* (1960), 364 U. S. 310.

The fourth paragraph of the syllabus in *State, ex. rel. Seney*, v. *Swift & Co.* (C. C. A. 6, 1921), 270 F. 141, states:

"The title which is prefixed to the original petition in a suit does not determine who are the parties to the suit, so as to settle the right to remove it to the United States court for diverse citizenship."

For the above reasons, the application for rehearing is denied.

*Application denied.*

ABELE, P.J., concurs.
STEPHENSON, J., dissents.