BLAIR et al., Appellees,

v.

COEY et al., Appellants.

[Cite as *Blair v. Coey* (1996), 113 Ohio App.3d 325.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006305.

Decided Aug. 7, 1996.

*John L. Keyse–Walker,* for appellees.

*Stephen Gurchik,* for appellants.

QUILLIN, Presiding Judge.

Appellants, Timothy Coey and the city of Elyria (collectively "city"), appeal from a judgment of the Lorain County Court of Common Pleas that ordered the city to select and appoint as firefighters two of the four eligible individuals certified to the city in early 1991. We affirm.

In 1989, appellees, Kurt Blair and Robert Reaser, took the civil service examination and all related tests for the position of firefighter, and were placed on the city's eligible list by the Elyria Civil Service Commission. Although the

city's fire department had an authorized and funded strength of seventy-seven firefighters, in January 1991, the city's fire department was operating with only seventy-five firefighters. Consequently, the city council's finance committee considered and recommended the appointment of two additional firefighters. This recommendation was adopted by the full city council.

Coey, the city's safety service director, requested that the Elyria Civil Service Commission provide him with a list of eligible candidates for the two positions. Pursuant to R.C. 124.27, the civil service commission certified to Coey a list of four individuals from the eligible list, including Blair and Reaser. Coey did not, however, appoint any firefighters from the list certified to him. None of the four on the certified list was ever selected or appointed as a firefighter.

Blair and Reaser filed this action against the city for a writ of mandamus or declaratory judgment, seeking a declaration or order that they be appointed as firefighters. Both parties moved for summary judgment. In its motion for summary judgment, the city contended that Blair and Reaser had no clear legal right to be appointed as firefighters, because they were only two of the four individuals on the certified list. Consequently, the trial court allowed Blair and Reaser to amend their prayer to request that the trial court order that the appointing authority, Coey, select and appoint two of the four firefighter candidates on the certified list. The trial court granted summary judgment in favor of Blair and Reaser, and granted the relief requested in their amended prayer.

The city appeals and raises three assignments of error, which we will address out of order for ease of discussion. Through its three assignments of error, the city has raised some arguments which it did not, but could have, raised in the trial court. We will address only those arguments that have not been waived on appeal. See *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph two of the syllabus.

The third assignment of error is that the trial court's judgment is "contrary to Ohio Civil Service Law." The civil service laws of Ohio are designed to ensure that appointments and promotions are based on fitness and merit, not political affiliation. *Cincinnati ex rel. Simons v. Cincinnati* (1993), 86 Ohio App.3d 258, 263, 620 N.E.2d 940, 943–944. To that end, R.C. 124.27 provides that, pursuant to a request from the appointing authority, the civil service commission shall certify names of the highest candidates from the eligible list. Because there were two appointments to be made, the civil service commission certified four names from the eligible list.

No one disputes that the four individuals certified to Coey were eligible as firefighters at the time and were properly certified pursuant to R.C. 124.27. The question before us is, given that the city made the decision to appoint two

firefighters and the civil service commission certified four names to Coey, was he required to appoint two firefighters from that certified list?

The city apparently believed that because the eligibility list from which the four names were certified expired in 1992, so did the 1991 certification list. The fact that the eligibility list expired, however, did not terminate the certified list before Coey had made two appointments from that list. See *Madison Cty. Children's Home Bd. of Trustees v. State ex rel. Laird* (1934), 128 Ohio St. 560, 1 O.O. 140, 192 N.E. 877, paragraph three of the syllabus. Such a result would thwart the purpose of the civil service law. *Id.* at 566, 1 O.O. at 143, 192 N.E. at 880.

R.C. 124.27 requires that once the appointing authority notifies the civil service commission that he has a position to fill, "he shall fill such position by appointment of * * * persons certified to him. * * * Appointments * * * shall be made only from those persons whose names are certified to the appointing authority * * *." Therefore, we believe that the trial court correctly concluded that R.C. 124.27 assumes that the decision to appoint has already been made and does not give the appointing authority the discretion to hold off on the appointment or decide that it should not be made. To hold otherwise would allow for political abuse and would undermine the civil service system. See *Cincinnati ex rel. Simons, supra,* 86 Ohio App.3d at 264, 620 N.E.2d at 944.

■ The trial court determined, and we agree, that Blair and Reaser had a clear legal right to the relief requested in their amended prayer, that the city was under a corresponding duty to perform the requested acts, and that Blair and Reaser had no plain and adequate legal remedy. Therefore, the writ of mandamus was proper. See *State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL–CIO, CLC v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 157, 158, 609 N.E.2d 1266, 1267. The third assignment of error is overruled.

■ Through its first and second assignments of error, the city contends that the trial court improperly ordered it to appoint two of the four individuals certified to it in 1991, because that was not the relief requested in the complaint. Recognizing that the trial court allowed Blair and Reaser to amend their prayer for relief accordingly, the city argues that the trial court erred in allowing the amendment. The city fails to explain, however, why this was error or how it was prejudiced as a result.

■ The Civil Rules allow for liberal amending privileges because the rules were intended to "facilitate the application of substantive law and not to fight it." *Gibbs v. Lemley* (1972), 33 Ohio App.2d 220, 228, 62 O.O.2d 315, 320, 293 N.E.2d 324, 329. Cases are to be determined on their merits, not mere technicalities. *Id.* The primary purpose of pleading is to provide the other party with notice.

A discrepancy between the prayer and the relief granted does not prejudice the defendant if the complaint has given him adequate notice of the plaintiff's claims and their grounds. See *Pension Benefit Guar. Corp. v. E. Dayton Tool & Die Co.* (C.A.6, 1994), 14 F.3d 1122, 1127.

The original prayer for relief put the city on notice of the substance of the claims brought against it. The city obviously had adequate notice of the plaintiffs' claims, for it fully addressed those claims in its answer and motion for summary judgment. Moreover, recognizing what the prayer for relief should have been, it was the city that pointed out the alleged deficiency. The city has not even asserted that it did not have adequate notice of the claims brought by Blair and Reaser. Rather, the city assigns error based on a mere technicality in the original prayer for relief. The trial court properly decided the case on its merits. The first and second assignments of error are overruled.

*Judgment affirmed.*

BAIRD and SLABY, JJ., concur.