*177
 
 Matthias, J.
 

 It is urged on behalf of relator and relatrix that they were permanent civil service employees in the classified service of the state by reason of having been appointed to their several positions from a duly certified list of eligibles, having accepted such appointment and having satisfactorily served more than the 90-day probationary period. It is contended that they had thereby become vested with a tenure of position and office during good behavior and efficient service and could be removed only in the manner provided by statute and only for some cause therein specified.
 

 It is to be observed that these actions are directed against Charles L. Sherwood, director of the department of public welfare, and Thomas W. McCaw, chief of the division of aid for the aged, and not against the Civil Service Commission. There is, therefore, no issue in this action as to abuse of discretion of the Civil Service Commission. The members of the commission are to be commended for their insistence upon the proper administration of the civil service laws of the state and the enforcement of the rules of the commission calculated to preserve and maintain the merit system.
 

 Broad authority with reference to investigations is conferred upon the commission by Section 486-22, General Code. The only question now presented to the court, however, is one of law. It is whether, by reason of the attempted rescission of its previous action and the revocation of its certification by the Civil Service Commission, the respondents were authorized and empowered to peremptorily dismiss the relator and relatrix from the positions to which they had been appointed and in which they had rendered satisfactory service for more than the probationary period.
 

 The Legislature has provided in Section 486-17a, General Code, for the removal of employees in the classified service. It provides as follows:
 

 “The tenure of every officer, employee or sub
 
 *178
 
 ordinate in the classified service of the state, the counties, cities and city school districts thereof, holding a position under the provisions of this act, shall be during good behavior and efficient service; but any such officer, employee or subordinate may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office.
 

 “In all cases of removal the appointing authority shall furnish such employee or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employee or subordinate a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee or subordinate shall be filed with the commission. Any such employee or subordinate so removed may appeal from the decision or order of such appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission’s decision shall be final * * V’
 

 The appointment of the relator and relatrix was regularly made by the respondents from the list of eligibles certified by the -Civil Service. Commission. This court has recently held that where a person on a competitive eligible list is duly certified by the Civil Service Commission to the head of the department for appointment to a position in such department and the appointment has been regularly made, it becomes effective from the date of the appointment.
 
 State, ex rel.
 
 
 *179
 

 Hoornstra,
 
 v.
 
 Atkinson, Admr. of Bureau of Unemployment Compensation,
 
 136 Ohio St., 569, 27 N. E. (2d), 249.
 

 If the relator or relatrix had sponsored or participated in any violation of the civil service statutes, •Section 486-17a, General Code, provides a ready means for their removal from their positions. It does not appear in this case that either has even been charged with misconduct or with participation in the misconduct of another, either directly or indirectly, though they benefited from the questionable action of the representative of the respondents, or with having any •connection whatever therewith, except to be made the innocent victim of such action.
 

 So far as the record discloses, the first and only connection of the relator or relatrix to matters involved herein was through a letter dated November 18, 1941, addressed to each of them by one of the respondents, which is as follows:
 

 “As you are probably aware, some of the people who waived their rights to appointment to the position of investigator, Hamilton county, from civil service certification No. 26701 have since filed complaints with the Civil Service Commission that their waivers were obtained in an irregular manner. Regardless of the validity of these complaints or charges, the fact remains that many of these people were apparently laboring under a misunderstanding when they signed waivers. It appears that the' only way left open to this division and the Civil Service Commission to correct this situation is to rescind the original certification and to cancel all appointments made from that certification. This is now being done and we regret to inform you that your present appointment from certification No. 26701 has been cancelled by the Civil •Service Commission, effective at the close of business November 15, 1941.
 

 “In order that the present investigators appointed
 
 *180
 
 from certification No. 26701 may continue to serve until they are appointed from the new certification or tfieir successors appointed from that certification, the Civil Service Commission has authorized thirty-day emergency appointments to start with the effective date of cancellation of the former appointments above referred to and to run until the permanent appointments have been made from the new certification. Therefore, you have been given an emergency appointment effective November 16, 1941, salary to remain the same as you have been receiving.
 

 “The appointments to be made from the new certification will be handled in the regular manner, subject to such waivers as may be sent voluntarily to the Civil Service Commission direct. No official or representative of this division will accept any waivers from any one whose name may appear on this certification.
 

 “All waivers which have heretofore been submitted in connection with certification No. 26701 will be disregarded by the Civil Service Commission.”
 

 The duty of the Civil Service Commission with reference to certification of eligible lists is controlled by Section 486-13, General Code. It is provided thereby that “appointments to all positions in the classified service * * * shall be made only from those persons whose names are certified to the appointing officer in accordance with the provisions of this act.”
 

 The original list certified was concededly a list of persons, all of whom were then eligible for appointment. The names of the relator and relatrix were on such list and their appointment by the respondents was thereby authorized and accordingly made.
 
 Bd. of Trustees of Madison County Children’s Home
 
 v.
 
 State, ex rel. Laird,
 
 128 Ohio St., 560, 192 N. E., 877. An incorrect certification undoubtedly may be corrected, but this correction cannot be employed to remove employees who theretofore had been appointed pursuant to such certification and who, through satisfactory
 
 *181
 
 service for the required period, had acquired a status-of members of the classified service of the state. Being-in the classified service, they may not be summarily dismissed.
 
 State, ex rel. Slovensky,
 
 v.
 
 Taylor, Dir.,
 
 135 Ohio St., 601, 21 N. E. (2d), 990. To proceed against these persons, the provisions of Section 486-17a, General Code, must be followed. If those provisions are deemed inadequate, the remedy is by legislative amendment and not by administrative or even judicial amendment.
 

 If it be assumed that fraud would vitiate the original certification and warrant the rescission of the appointment of anyone selected from that list, it must be observed that no finding of fraud was announced, either by the Civil Service Commission or by the officers 'making the appointment.
 

 Boards or commissions which are the creatures of statute have only such jurisdiction as is thus conferred, and they may not, under rules of their- own making or otherwise, confer upon themselves further jurisdiction or authority. Hence, the statute having specified in detail the various grounds for the removal of employees in the classified service, no board or commission created by statute has any further or additional power respecting the removal of such employees.
 
 Davis et al., Civil Service Comm.,
 
 v.
 
 State, ex rel. Kennedy, Dir.,
 
 127 Ohio St., 261, 187 N. E., 867;
 
 Verberg
 
 v.
 
 Board of Edn. of City School Dist. of Cleveland,
 
 135 Ohio St., 246, 20 N. E. (2d), 368.
 

 It follows that the writs of mandamus are awarded, as prayed for in the petition in each case.
 

 Writs allowed.
 

 Weygandt, C. J., Williams, Hart and Bettman, JJ., concur.
 

 Turner and Zimmerman, JJ., dissent.