Tarf, J.
The first question to be considered is whether Kluth, having served the three-month probationary period provided for in Section 486-13, General Code, after his certification by the commission and his appointment on August 16, 1949, can thereafter be reduced in rank from lieutenant to sergeant without compliance with the provisions of Sections 486-17 and 486-17a, General Code. Since there is no allegation in the pleadings and nothing in the opening statements, charging Kluth with sponsoring or participating in or having anything to do with the alleged improper conduct of the civil service commission and others in certifying and appointing Kluth, the answer to that question is that he cannot. Such an answer is required by the decision of this court in State, ex rel. Byrd, v. Sherwood, Dir., 140 Ohio St., 173, 42 N. E. (2d), 889.
It does not follow that, if Kluth had been wrongfully demoted or otherwise removed from the position of lieutenant, he would not lose his right to tenure in that position by failing to avail himself within the time limited of the right of appeal given him by Sections 486-17 and 486-17a, General Code. See State, ex rel. Sidell, v. Cole, Dir., 147 Ohio St., 203, 70 N. E. (2d), 451; State, ex rel. Harris, Chief, v. Haynes, Mayor, ante, 214. Likewise, it does not follow that Kluth may resort to the courts to enforce any right he may have to tenure in the position of lieutenant without first exhausting the administrative remedies by way of appeals to the civil service commission and to the Common Pleas Court provided by the General Assembly as a protection for such rights. See 21 Ohio Jurisprudence, 1023, Section 28; State, ex rel. Lieux, v. *284 Village of Westlake, 154 Ohio St., 412, 96 N. E. (2d), 414. Although those questions might have been raised in opposing the motion of Kluth for judgment on the pleadings and opening statements, the opinions of the Common Pleas Court and of the Court of Appeals do not disclose that they were raised. Furthermore, no such questions were raised in the assignment of errors in this court and no such questions were presented to this court either in the briefs or in argument. We are, therefore, fully justified in disregarding those questions (Section 12223-21, General Code) until such time as they are presented to this court for decision in some other case. See Milwaukee Mechanics Ins. Co. v. Russell, 65 Ohio St., 230, 257, 62 N. E., 338, 56 L. R. A., 159. We do not intend to express any opinion as to what answer should be given to either of those questions.
The next question to be considered is whether the judgment of the Common Pleas Court in the mandamus action affects any claim which Kluth has to the position of lieutenant. Since Kluth’s rights are not necessarily dependent on the propriety of the action condemned by the judgment in the mandamus action (State, ex rel. Byrd, v. Sherwood, supra) and since Kluth was not made a party to the mandamus action and was not offered an opportunity to and did not participate in the defense of that action, we fail to see any basis for a conclusion that the judgment may affect any rights of Kluth to the position of lieutenant.
Patton refers to cases indicating that Kluth was not a necessary party in the mandamus action. See State, ex rel. Byrd, v. Sherwood, supra; State, ex rel. Bigam, v. Hainen et al., Civil Service Commission, 150 Ohio St., 371, 82 N. E. (2d), 734. It may be observed that in neither of those cases was it determined that a *285 judgment, in an action in which a certain person was not a party, would bar such person from asserting his rights. The question, as "to whether it would, was not apparently raised or considered in those cases.
It may be observed that our statutes tend to negative the authority of a court to affect the rights of a person who is not a party. Thus, Section 11262, General Code, provides:
‘ ‘ The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. When such determination can not be had without the presence of other parties, the court may order them to be brought in, or dismiss the action without prejudice.”
However, it is not necessary to determine in the instant case whether Kluth was a necessary party in Patton’s mandamus action. Certainly he was a proper party. State, ex rel. Nixon, v. Merrell, Dir., 127 Ohio St., 72, 186 N. E., 806. Kluth had an interest in the controversy adverse to Patton. Unless he was a party or otherwise bound because of participation or an opportunity to participate in the defense of the mandamus action, the judgment in that action would be as between Patton and Kluth res inter alios acta. See State, ex rel. Gerke, v. Board of Commissioners, 26 Ohio St., 364; Holt v. Lamb, 17 Ohio St., 374; Reformed Presbyterian Church v. Nelson, 35 Ohio St., 638, 643.

Judgment affirmed.

Weygandt, C. J., Stewart, Middleton, Matthias and Hart, JJ., concur.
Zimmerman, J., dissents.