104

THE STATE, EX REL. MIKUS, PROS. ATTY., APPELLANT, *v.*
HIRBE, APPELLEE.
THE STATE, EX REL. MIKUS, PROS. ATTY., APPELLANT, *v.*
MALINOVSKY, APPELLEE.
THE STATE, EX REL. MIKUS, PROS. ATTY., APPELLANT, *v.*
METELSKY, APPELLEE.
THE STATE, EX REL. MIKUS, PROS. ATTY., APPELLANT, *v.*
SOLOMON, APPELLEE.
THE STATE, EX REL. MIKUS, PROS. ATTY., APPELLANT, *v.*
HOLOMUZKI, APPELLEE.
THE STATE, EX REL. MIKUS, PROS. ATTY., APPELLANT, *v.*
SZABO, APPELLEE.
THE STATE, EX REL. MIKUS, PROS. ATTY., APPELLANT, *v.*
PALERMO, APPELLEE.

[Cite as State, ex rel. Mikus, Pros. Atty., v. Hirbe, 7 Ohio St. 2d 104.]

(Nos. 40124, 40142, 40143, 40144, 40145, 40173 and 40174—
Decided July 6, 1966.)

Mr. *Paul J. Mikus*, prosecuting attorney, and Mr. *Nicholas R. Curci*, for appellant.

*Messrs. Lucas, Prendergast, Albright & Warren*, Mr. *John A. Brown*, Mr. *Joseph A. Ujhelyi* and Mr. *E. G. Koury*, for appellees.

HERBERT, J. In grading a promotional examination to fill a position above the rank of patrolman in a police department of a noncharter city, such as Lorain, where the statutes relative to civil service are applicable, the municipal civil service commission must consider the following factors: (1) the grade received on the written examination, (2) the seniority credit and (3) the efficiency credit, *State, ex rel. Ethell,* v. *Hendricks,* 165 Ohio St. 217; Section 143.24, Revised Code.

The Lorain Civil Service Commission was derelict in its duty in ignoring the third factor. The respondents neither knew of nor participated in that dereliction. They have satisfactorily completed their probationary periods.

The question thus presented is whether the respondents who took the written examination in good faith, who were certified by the Lorain commission and who were appointed to their positions where they have satisfactorily served should be peremptorily ousted because of a dereliction of duty on the part of the Lorain commission, which was unknown to the respondents.

In *State, ex rel. Byrd,* v. *Sherwood, Dir.,* 140 Ohio St. 173, this court held that where one is regularly appointed to a position in the classified service from a list of persons whose names had been duly certified to the appointing officer, but where an unauthorized representative of the civil service commission persuaded other persons whose names appeared on the list of eligibles to waive their rights of priority, which served to benefit the appointee, nevertheless such appointee who had satisfactorily served his probationary period could not be removed peremptorily but only for cause under the predecessor of Section 143.27 of the Revised Code.

In *Kluth* v. *Andrus, Dir.,* 157 Ohio St. 279, this court held in paragraph one of the syllabus, as follows:

"Where the promotional civil service examination given for a position did not fully comply with the civil service laws and where the members of the civil service commission fraudulently raised the grade of the candidate whom it certified and lowered the grade of another candidate, so as to make it appear that the candidate certified to the appointing authority as having attained the highest rating did receive the highest grade,

but it does not appear that the candidate so certified either sponsored, participated in or had anything to do with such illegal and improper actions, and where such candidate was thereafter appointed to that position, pursuant to Section 486-13, General Code, and rendered satisfactory service in that position for more than three months, his removal from that position is thereafter governed by the provisions of Section 486-17*a*, General Code. (*State, ex rel. Byrd,* v. *Sherwood, Dir.*, 140 Ohio St. 173, followed.)''

It appears on the basis of *Byrd* and *Kluth* that, where the appointee before his appointment complies as far as he is able with the rules governing the promotional examination and after his appointment satisfactorily serves his probationary period, a dereliction of duty on the part of the commission does not frustrate the appointee's effort to secure the benefits of the civil service laws, e. g., that he can be removed from office only for cause pursuant to Section 143.27 of the Revised Code.

This rule is consistent with the issuance of the writ of quo warranto in *Hendricks* where the appointee took part in oral and written examinations although the civil service laws prescribed only a written examination, and where the quo warranto action to challenge the appointee's right to office was filed before the appointee had completed his probationary period.

In the case of *In re Removal of Taylor, Chief of Police*, 172 Ohio St. 394, where the officeholder had neither taken any type of competitive promotional examination nor served any probationary period, the court held that he was not entitled to the benefits of the civil service laws. Thus that case is likewise consistent with the *Byrd-Kluth* rule.

Therefore, since the appointees in the cases at bar took the examinations in good faith and did everything on their part to comply with the civil service laws and did satisfactorily complete their probationary periods, they can be removed only for cause pursuant to Section 143.27 of the Revised Code.

Moreover, as a practical matter, this court is further persuaded to affirm the denials of the writ because it appears that the Lorain Civil Service Commission has adopted a practice of not keeping efficiency ratings of any of the employees in the

city of Lorain. Thus, a declaration that the promotional examinations were void would merely necessitate the holding of new promotional examinations where it would be equally impossible for the Lorain commission to abide by the requirements of the law stated in *Hendricks* and in Section 143.24 of the Revised Code. Furthermore, a declaration that no one could hold office until the commission could comply with the law would deprive the city of Lorain of much of its police force. Such a result would not aid in the administration of justice. Hence, for those reasons also, the judgments of the Court of Appeals are affirmed.

*Judgments affirmed.*

TAFT, C. J., O'NEILL and BROWN, JJ., concur.

SCHNEIDER, J., concurs in the judgment only.

ZIMMERMAN and MATTHIAS, JJ., dissent on the basis of *State, ex rel. Ethell,* v. *Hendricks,* 165 Ohio St. 217.