CITY OF CELINA, EX REL. PIPER, APPELLANT, *v.* FELVER, CHIEF, ET AL., APPELLEES.

(No. 10-87-9—Decided August 24, 1988.)

*Gregory D. Wilson,* for appellant.
*Nancy Sponseller* and *Kevin McKirnan,* for appellees.

McBRIDE, J. This appeal is from the denial by the Court of Common Pleas of Mercer County of an amended complaint seeking the removal of LeRoy Felver as chief of police of the city of Celina and for an order enjoining further payment of compensation for that position.

The record was made at a hearing on a motion for a preliminary order, which was denied, the trial court citing *State, ex rel. Mikus,* v. *Hirbe* (1966), 7 Ohio St. 2d 104, 36 O.O. 2d 85, 218 N.E. 2d 438. A final hearing on the merits was scheduled. However, the plaintiff offered no new evidence and the case was submitted on the record introduced at the previous hearing. The trial court found the issues in favor of the defendants for the reasons stated in its ruling on the preliminary order and dismissed the relator's complaint. The notice of appeal relates to this final order.

The single assignment of error

claims that the trial court erred in failing to grant the preliminary and permanent injunction. Since the preliminary order was interlocutory, the only issue arises on the final order based upon the record of the evidence previously made.

The amended complaint (the original was filed December 18, 1985) alleged that after the death of Police Chief Robert Humbert, a civil service examination was conducted on September 2, 1981 for his successor; and that four individuals took the examination and on September 8, 1981, LeRoy Felver, then acting chief, placed third in rank. The complaint continues that Felver conspired with the mayor and the safety service director to obtain waivers from the two individuals placed ahead of him so that he could be appointed chief; and that such waivers were obtained through coercion and intimidation and were not voluntarily executed.

By way of answer the defendants denied the allegations and stated that Felver served his probationary period and was a permanent officer under civil service; that the complaint was barred by laches and estoppel; and that complainant's action was not a true taxpayer's suit because it was brought on behalf of individuals who sought the chief's removal and because it otherwise failed to state a cause of action.

To narrow the questions on appeal, the statement of the issues presented for review, in the form of interrogatories, questions whether R.C. 124.44 controls the appointive process and whether the appointment of Felver was illegal; also whether an illegal appointment is cured by the passage of the probationary period of appointment. The questions contain assumptions of illegality which the petitioner was required to establish. The city of Celina has no local charter and is controlled by the general statutes.

While not expressed in the opinion of the trial court, it is apparent that from September 11, 1981, when Felver was appointed, to December 18, 1985, when the complaint was filed, a considerable period of time elapsed. It may well have been concluded that the instant action was barred by the limitations of action, or by laches or estoppel. Since the complaint alleges that the waivers signed by two officers were involuntary because of conspiracy, coercion and intimidation, it is essentially based on fraud and cancellation of a written instrument of public record.

The transcript reveals that the test scores of the three officers who placed at the top were close, and none obtained the minimum passing grade to earn extra credit for seniority or efficiency, which apparently was one reason for Felver's appointment as acting chief. However, the two individuals who placed first and second executed and delivered to the city written waivers of their right to be appointed chief. It was not established who prepared these written waivers, though their execution by the two officers was admitted. These two officers denied any conspiracy or deal of any kind among the contestants and professed no knowledge of any wrongful conduct on the part of LeRoy Felver related to either the civil service examination or his appointment as chief of police. If there was a conspiracy, Felver was not a part of it.

Evidence favorable to the appellant was that the two officers who signed waivers of right to appointment were told by city officers that the city could discharge an appointee until the officer they preferred was available on the appointment list. Felver was preferred, but whether the mayor or the service director made threatening

statements was in dispute. Both of the officers who signed waivers felt that their job might be in jeopardy if they accepted the appointment as chief.

The testimony was undisputed that there was no deal, promise or agreement among the officers with respect to who should be appointed or with respect to the execution of the waivers by the two officers who finished at the top of the list. There was no testimony or any improper, wrongful or irregular statement or act by Felver who, though third on the list, received the appointment on September 11, 1981, only after the waivers were signed and delivered by the two officers. The good faith of Felver and the others who took the test was undisputed.

It is also undisputed that after his appointment as chief, Felver satisfactorily completed his probationary period of one year. It was not until 1984 that complaints surfaced as to his conduct while in office. These complaints by officers on the force were directed to the city, seeking disciplinary action, and after an investigation the complaints were denied. It was not until December 18, 1985 that the instant action was commenced, over four years after the appointment.

As appellant points out, R.C. 124.44 provides that upon certification of the name of the person first on the list the appointing officer shall appoint the person so certified. However, this section does not suggest a course of action where the one heading the list dies, resigns, leaves the state or, as in this case, expressly waives all rights to the position to be filled as a result of the civil service eligibility list. One who for any reason withdraws his name from the eligibility list abandons his position and is no longer available for appointment. In this situation, others advance on the list and become eligible within the statutory requirement of priority.

It is the established rule that one who has satisfactorily served his probationary period may be removed from office only for cause while in office as provided by statute and that such office holder may not be removed because of irregularity or dereliction of duty on the part of the civil service commission or the appointing authority. *State, ex rel. Mikus,* v. *Hirbe, supra.* To the same effect is *State, ex rel. Byrd,* v. *Sherwood* (1942), 140 Ohio St. 173, 23 O.O. 403, 42 N.E. 2d 889, where an unauthorized representative of the civil service commission persuaded persons higher on the list of eligibles to waive their priority for the benefit of an appointee. Fraud by others in the appointive process is not a ground for removal. One who has attained permanency as a civil service employee may be removed only for cause in the performance of his duties.

In *Kluth* v. *Andrus* (1952), 157 Ohio St. 279, 47 O.O. 171, 105 N.E. 2d 579, the appointee satisfactorily completed his probationary period and his appointment was confirmed even though the members of the civil service commission fraudulently raised his grade on the test and it did not appear that the candidate sponsored, participated in or had anything to do with illegal or improper actions. Relying upon the latter condition, appellant in this case alleged but failed to establish that the appointee had something to do with the waivers the two officers executed.

At the time of the test, Felver was the acting chief with seniority, one officer was assistant chief and the third a detective. There was considerable discussion among them as to their preference to assignment in the event one or the other became chief. Such conversations, even if repeated to others, did not amount to participation

in wrongdoing or lack of good faith such as to vitiate the action of the appointing authority in 1981.

While this case may have been resolved on the basis of the delay in commencing the action or for the reason of insufficient evidence, we confine this opinion to the assignment of error and the proposition presented and argued on appeal. There was no violation of R.C. 124.44. No grounds exist to set aside the appointment or to enjoin the use of funds.

The assignment of error is denied.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.

ROBERT L. MCBRIDE, J., retired, of the Second Appellate District, sitting by assignment.